UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| ADAM JAY EISENHAUER, Petitioner, v. NETHANJAH BREITENBACH, *et al.*, Respondents. | Case No. 3:26-cv-00586-MMD-CSD<br>ORDER |

## I. SUMMARY

Petitioner Adam Jay Eisenhauer, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Eisenhauer's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and his Motion for Appointment of Counsel (ECF No. 1-2). For the reasons discussed below, the Court grants Eisenhauer's IFP Application, defers consideration of his Motion for Appointment of Counsel, and orders him to show cause in writing why this action should not be dismissed with prejudice as untimely.

## II. BACKGROUND

Eisenhauer challenges a conviction and sentence imposed by the Tenth Judicial District Court for Clark County.[2] On August 17, 2022, the state district court entered a judgment of conviction for sexual assault on a child under age 16 and attempt to commit lewdness with a child under 14. The state district court sentenced Eisenhauer to an

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2]The Court takes judicial notice of the online docket records of the Tenth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

aggregate term of 33 years to life. The Nevada Court of Appeals affirmed the conviction on direct appeal.

On October 2, 2024, Eisenhauer filed a state habeas petition seeking postconviction relief. The state district court denied his state habeas petition and the Nevada Court of Appeals affirmed the denial of relief. On July 31, 2026, Eisenhauer initiated this habeas corpus proceedings. (ECF No. 1.)

## III. DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See id. at* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, no

statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *See Nino*, 183 F.3d at 1007.

Eisenhauer's conviction became final after the Nevada Court of Appeals decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court on December 14, 2023. The federal statute of limitations began running the following day. Eisenhauer timely filed his state petition on October 2, 2024, tolling the AEDPA clock. As a result, 292 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 73 days of AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on November 18, 2025, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 73 days later on January 31, 2026. The federal petition was filed on July 31, 2026. Absent another basis for tolling or delayed accrual, Eisenhauer filed his petition 6 months after the AEDPA limitations period expired. Eisenhauer must therefore show cause why the petition should not be dismissed with prejudice as time-barred.

In this regard, Eisenhauer is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at

1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Eisenhauer further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. §§ 2244(d)(1)(B), (C), (D); (d)(2). In addition, Eisenhauer is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

## IV. CONCLUSION

It is therefore ordered that Eisenhauer must file within 45 days of the date of this order, a "Response to Order to Show Cause," in writing, showing cause why this action should not be dismissed with prejudice as untimely. Eisenhauer's response must be factually detailed, and, where possible, supported by exhibits.

If Eisenhauer fails to timely and fully comply with this order, the Court will dismiss this action without prejudice and without further advance notice.

It is further ordered that Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

It is further ordered that the Court defers consideration of Petitioner's Motion for Appointment of Counsel (ECF No. 1-2).

DATED THIS 1st Day of September, 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE